454

LEE SHEW, Plaintiff,

v.

Herbert BROWNELL, Jr., as Attorney General, Defendant.

Civ. A. No. 29360.

United States District Court
N. D. California, S. D.

April 11, 1955.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

In accordance with the mandate of the Court of Appeals I have re-examined the record of trial, and without consideration of the record before the Immigration Service, made Findings of Fact in accordance with the preponderance of the evidence.

At the close of all the evidence at the trial on May 9, 1951, without consideration of the record before the Immigration Service, I found that based on the preponderance of the evidence, petitioner was not entitled to the relief prayed for. I have continuously adhered to that view. It is my duty to, and I have, complied with the Appellate Court's mandate, although it appears to me that it directs me to do that which I have long since done.

In accordance with that mandate, the Court makes the following Findings of Fact and Conclusions of Law:

I.

That the plaintiff, Lee Shew, was born in China.

II.

That the plaintiff first arrived in the United States at San Francisco, California, on March 11, 1949, at which time he applied for admission under the provisions of 8 U.S.C.A. § 601(c),[1] Section 1993, U.S.R.S. as a citizen of the United States, to wit: as the foreign-born son of Lee Fook Chung, an American citizen.

III.

That the plaintiff was accorded a hearing by a Board of Special Inquiry at San Francisco, California, convened pursuant to 39 Stat. 887, 8 U.S.C. § 153,[2] at which hearing said Board, on April 5, 1949, found that plaintiff was not the son of Lee Fook Chung.

IV.

That the plaintiff appealed from the decision of the Board of Special Inquiry to the Commissioner of Immigration and Naturalization, who on May 31, 1949, affirmed the said decision of Board of Special Inquiry.

V.

That the plaintiff appealed from the decision of the Commissioner of Immigration and Naturalization to the Board of Immigration Appeals, who, on November 10, 1949, denied the appeal of the plaintiff and ordered the plaintiff excluded from the United States.

1. Now 8 U.S.C.A. § 1401(a) (3).

2. Now 8 U.S.C.A. § 1226.

## VI.

The plaintiff, Lee Shew, is not the son of Lee Fook Chung.

## VII.

The plaintiff, Lee Shew, is not a citizen or national of the United States.

### Conclusions of Law

## I.

Jurisdiction of this Court is conferred under the Act of October 14, 1940, C. 876, Title I, Subchapter V, and Section 503, 54 Stat. 1171, Title 8 U.S.C.A. § 903.[3]

## II.

Plaintiff is not entitled to a judgment declaring him to be a national of the United States.

The defendant is entitled to judgment against plaintiff for his proper costs.